**MURPHY, FALCON & MURPHY**
William H. Murphy, Jr. (07985)
Andrew K. O'Connell (28168)
Malcolm P. Ruff (21595)
Ronald E. Richardson (04673)
1 South Street, Suite 3000
Baltimore, Maryland 21202
Telephone: (410) 539-6500
Facsimile: (410 539-6599
billy.murphy@murphyfalcon.com
andrew.oconnell@murphyfalcon.com
malcolm.ruff@murphyfalcon.com
ronald.richardson@murphyfalcon.com

**THE TRIAL LAW FIRM, LLC**
Mart Harris (319504)
Fort Pitt Commons
445 Fort Pitt Boulevard, Suite 220
Pittsburgh, Pennsylvania 15219
Telephone: (412) 588-0030
mh@tlawf.com

**DUNCAN LEGAL GROUP**
Jason Duncan (87946)
2001 N. Front Street
Harrisburg, PA 17102
Telephone: (717) 232-1886
Facsimile: (717) 232-4189
jaybdunc@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTON BURNS, individually and as Next Friend of K.B. (a minor), and on behalf of a class of similarly situated individuals, <br><br> *Plaintiffs,* <br><br> v. | Case No.:_____ <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| SEAWORLD PARKS & ENTERTAINMENT, INC. d/b/a SESAME PLACE PHILADELPHIA; and SEAWORLD PARKS & ENTERTAINMENT LLC d/b/a SESAME PLACE PHILADELPHIA; and JOHN DOES 1,2,3, and 4, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## INTRODUCTION

1.  This class action lawsuit is brought to secure the rights of Plaintiffs to make and enforce contracts and to enjoy the security of persons in the same manner as white citizens.

2.  This class action lawsuit seeks compensatory and punitive damages, as well as declaratory and injunctive relief against Defendant SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC.

3.  This class action lawsuit is brought to enforce the 13th Amendment to the United States Constitution by way of 42 U.S.C. § 1981, which creates an individual and private right of action against those who discriminate on the basis of race in, *inter alia*, "the making and performance of contracts." ***42 U.S.C. § 1981(a-b)***.

4.  This class action lawsuit demonstrates that SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC, engages in pervasive and appalling race discrimination against children in the operation of Sesame Place Philadelphia.

5.  Thereby, it is alleged that SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC violates the Civil Rights Act of 1866, 42 U.S.C.A. § 1981 and additional violations of the Pennsylvania common law.

6. Plaintiffs and Proposed Class Representatives Quinton Burns and K.B. (collectively "Burns") bring this action individually and on behalf of all similarly situated Black people ("Class Members") who have attempted to exercise their enumerated rights pursuant to 42 U.S.C. § 1981 to include the right to make and enforce contracts with SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC for admission to Sesame Place Philadelphia. The Class Members have suffered, and absent legal action, will continue to suffer, disparate treatment by SeaWorld through its agents and/or employees, to include but not not be limited to Defendants John Doe 1, 2, 3 and 4, and other John Doe Defendants yet to be known, solely based on their race or color, with regard to Plaintiffs' statutory right to enforce the equitable performance of their contracts with SeaWorld, as is enjoyed by white citizens.

## PARTIES

1. Representative Plaintiff Quinton Burns is an adult Black citizen of the United States.

2. Representative Plaintiff K.B. is a minor Black citizen of the United States, Representative Plaintiff Quinton Burns' child.

3. The Representative Plaintiffs ("the Burns") reside in the City of Baltimore, Maryland.

4. Defendant SeaWorld Parks & Entertainment, Inc. d/b/a "Sesame Place Philadelphia", is a for-profit publicly traded corporation.

5. Defendant SeaWorld Parks & Entertainment LLC d/b/a "Sesame Place Philadelphia", is a limited liability company.

6. Both Defendant SeaWorld Parks & Entertainment, Inc. d/b/a "Sesame Place Philadelphia" and Defendant SeaWorld Parks & Entertainment LLC d/b/a "Sesame Place

Philadelphia" are organized under the laws of the State of Delaware, and headquartered at 6240 Sea Harbor Drive, Orlando, Florida 32821, and registered with the Pennsylvania Department of State to conduct business in Pennsylvania. In this class action lawsuit, these Defendants are collectively referred to as "SeaWorld."

7. Defendants John Doe 1, 2, 3 and 4 are individuals employed by SeaWorld as costume character performers.

8. At all times relevant, SeaWorld's agents, employees or representatives referenced herein, including but not limited to the Doe Defendants, were acting within the course and scope of their actual or apparent authority and responsibilities as a SeaWorld employee.

9. Upon information and belief, including but not exclusively limited to the fact that the discrimination complained of in this class action lawsuit occurred during business hours, in the light of day, to several different Black children on different days such that said discrimination was caught on video numerous times, SeaWorld was aware of and were subsequently ratified and adopted its emplpoyees' discriminatory actions.

## JURISDICTION

10. This is a class action.

11. On information and belief, aggregate claims of individual Class Members exceed $50,000,000.00 exclusive of interests, attorneys' fees and costs.

12. Jurisdiction is proper in this Court pursuant to 28 U.S.C.A § 1332(d), 1343(a)(3), 1343(a)(4), and 1367(a).

13. All conditions precedent necessary to the filing of this class action lawsuit have been met.

## VENUE

14. SeaWorld, through its business of operating Sesame Place Philadelphia, has established sufficient contacts in this district such that personal jurisdiction is appropriate.

15. SeaWorld is deemed to reside in this district pursuant to 28 U.S.C § 1391.

16. Venue is proper in this District under 28 U.S.C § 1391 (b)(1) & (2).

**FACTUAL ALLEGATIONS**

17. On or about June 18, 2022, the Burns accepted SeaWorld's offer to purchase two weekend admission tickets to SeaWorld's amusement park, Sesame Place Philadelphia.

18. The Burns performed their contractual duties by tendering remuneration in a bargained for exchange to experience SeaWorld's Sesame Place Philadelphia attraction.

19. SeaWorld's offer which the Burns accepted included, *inter alia*, the benefit and privilege of enjoyment of the amusement rides and "exclusive Sesame Street themed entertainment" offered at Sesame Place, including but not limited to amusement park shows featuring "Meet and Greets" with Sesame Street themed costume character performers.

20. By the terms of the contract between the Burns and SeaWorld, SeaWorld's costume character performers were obligated to "Meet and Greet" with SeaWorld's customers to include Burns. Similarly, the Burns was entitled to SeaWorld's performance of the contract by way of its costume character performers to "Meet and Greet" with the Burns.

21. During the Burns' visit to Sesame Place, they attempted to participate in a "Meet and Greet" with SeaWorld's costume character performers dressed as Sesame Street characters "Elmo", "Ernie", "Telly Monster", & "Abby Cadabby."

22. SeaWorld's costume character performers dressed as Sesame Street characters "Elmo", "Ernie", "Telly Monster", & "Abby Cadabby" intentionally refused to perform SeaWorld's contract with the Burns and the Class by, *inter alia,* refusing to engage with them and ignoring them and all other Black guests in attendance.

23. Upon information and belief, including but not exclusively limited to the fact that SeaWorld's performers readily engaged with numerous similarly situated white customers and

their children who participated in the costume character performer "Meet and Greets," SeaWorld's actions, by their agents and/or employees, were intentional race discrimination.

24. SeaWorld, by their agents and/or employees, unlawfully and substantially refused to perform its contract with the Burns, which is an enumerated activity. See *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3rd Cir. 2001).

## CLASS ACTION ALLEGATIONS

25. The Burns bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Plaintiffs Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

26. The Class that the Burns seek to represent is defined as follows:

(a) All Black persons who;

(b) Since July 27, 2018;

(c) entered contracts with SeaWorld for admission into Sesame Place Philadelphia who;

(d) suffered disparate treatment from SeaWorld and/or its agents and/or employees by;

(e) ignoring with Black children while openly interacting with similarly situated white children.

27. <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, upon information and belief and because over 1 million guests visit Sesame Place each year, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members

in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable.

28. <u>Typicality</u>: The Burns' claims are typical of the claims of the Class. Like all Class Members, the Burns entered into a contract with the SeaWorld by way of their ticketed admission to SeaWorld's amusement park Sesame Place Philadelphia, and therein, suffered disparate treatment from SeaWorld solely based on their race or color that unlawfully interfered with their enumerated right to make and enforce contracts in the same manner as is enjoyed by white citizens when SeaWorld and/or its agents and/or its employees refused to interact with Black children while openly interacting with white children. The Burns, like all Class Members, have been damaged by SeaWorld's misconduct in that they have incurred damages to their enumerated civil rights, have and/or will incur economic damages, and/or have or will incur non-economic damages, including but not limited to humiliation, embarrassment, mental anguish, psychological stress, depression, anxiety, loss of self-respect, post-traumatic stress, damage to their physical health, and loss of life and/or professional opportunities. Furthermore, the factual bases of SeaWorld's misconduct, that SeaWorld and/or its agents and/or its employees refused to interact with Black children while openly interacting with white children are common to all Class Members and represent a common thread of illegal impairment and infringement committed against the Class Members' civil right to contract, resulting in injury to all Class Members.

29. <u>Commonality</u>: there are questions of law and fact common to Plaintiffs and the Class that predominate over any question affecting only individual Class Members. These common legal and factual issues include the following:

    a) Whether there was a contractual nexus between the Class Member and the SeaWorld.

b) Whether SeaWorld, through its agents and/or employees intentionally discriminated against Class Members based on their race or color.

c) Whether SeaWorld's agents and/or employees were acting within the scope of their apparent authority at the time of their racially motivated discriminatory conduct towards Class Members.

d) Whether SeaWorld's racially motivated discrimination against Class Members is based on a widespread pattern and practice of disparate treatment of Black citizens that is directly attributable to SeaWorld.

e) Whether SeaWorld failed to meet its duties to undertake adequate measures in hiring, supervising, and training its agents and/or employees.

f) Whether SeaWorld was aware of and/or subsequently ratified the racially based discriminatory conduct of its agents and/or employees.

30. <u>Adequate Representation</u>:  The Burns will fairly and adequately protect the interests of the Class Members.  The Burns have retained attorneys experienced in the prosecution of class actions, and the Burns intend to prosecute this action vigorously. One of the Burns' attorneys particularly, recently clarified through Third Circuit litigation that courts were too narrowly interpreting 42 U.S.C. § 1981 from 1992 through 2021, such that a cause of action can be maintained even when services were ultimately provided to the aggrieved plaintiff and therein in a case of first impression, actualized a cause of action for hostile retail environment liability under the statute with such case to be tried in this Courthouse this coming Fall. Furthermore;

(a) The interests of the Burns are consistent with and not antagonistic to the interests of the Class.

    (b)    The prosecutions of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications with respect to individual members of the class, and it would establish incompatible standards of conduct for the parties anticipated to oppose the class.

    (c)    The prosecutions of separate actions by individual Class Members would, as a practical matter, substantially impair or impede the ability of the other Class Members to preserve and protect their interests.

    (d)    The Burns allege that it is desirable to concentrate all litigation in one forum because all of their claims arose in the same location; and consolidation of their claims will promote judicial efficiency to resolve their common questions of law and fact in one single forum.

    31.    <u>Predominance and Superiority</u>: The Burns and the Class Members have all suffered and will continue to suffer harm and damages because of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. It is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Race Discrimination in Violation of 42. U.S.C.A. § 1981)

32. All preceding paragraphs are incorporated to this Count.

33. The Burns and Class Members are Black, and therefore are members of a federally protected class of citizens against racial discrimination in contract pursuant to §1981.

34. The Burns and Class Members entered binding contracts with SeaWorld for admission to its amusement park, Sesame Place Philadelphia. The minor Plaintiffs are third party beneficiaries of their parents' and/or guardians' and/or other adults' contracts with SeaWorld, as the contracts at issue were for the benefit of the minor children who do not have the legal capacity to enter contracts in their own right under Pennsylvania law.

35. SeaWorld refused to perform its contract with the Burns and Class members, who each attempted to enforce the enjoyment of all benefits, privileges, terms, and conditions of their contract with SeaWorld, which specifically included SeaWorld's promise to engage in "Meet and Greets" between its Sesame Street themed costume character performers such as "Elmo," (Defendant John Doe 1), "Ernie," (Defendant John Doe 2), "Telly Monster," (Defendant John Doe 3), & "Abby Cadabby," (Defendant John Doe 4) and the children.

36. SeaWorld, by its agents and/or employees, intentionally discriminated against The Burns and Class Members based on their race or color by intentionally choosing to interact only with white patrons and refusing to interact with the Burns or Class Members during the performance of their contracts.

37. SeaWorld is vicariously liable under the theory of *respondeat superior* for its employees' violations of § 1981 committed within the scope of their employment against the Burns and Class Members. *See Williams v. Cloverland Farms Dairy, Inc.*, 78 F.Supp.2d 479, 485 (1999)

(quoting *Fitzgerald v. Mountain States Telephone & Telegraph Co.*, 68 F.3d 1257, 1262-63 (10th Cir. 1995)). *See also*, Restatement (Second) of Agency § 219 (1957).

38. SeaWorld, by the racially motivated discriminatory conduct of its agents and/or employees, who at all times relevant acted with the scope of their employment, substantially and unreasonably impaired and infringed upon the Burns' and Class Members' enumerated right to make and enforce their contracts with SeaWorld as is enjoyed by white citizens by unilaterally changing the terms of their contract with the Burns and Class Members to exclude participation in "Meet and Greets" during the performance of the agreement, solely because of their race or color.

39. SeaWorld, by the racially motivated discriminatory conduct of its agents and/or employees, substantially and unreasonably impaired and infringed upon the Burns and Class Members' enumerated right to make and enforce their contracts with SeaWorld as is enjoyed by white citizens by creating a hostile retail environment.

40. As a direct and proximate cause of SeaWorld's actions and/or inactions, the Burns and Class Members suffered damages to their civil rights, mental health, and personal dignity.

## SECOND CAUSE OF ACTION

**(Breach of Contract Under the Pennsylvania Common law)**

41. All preceding paragraphs are incorporated to this Count.

42. At relevant times to this Complaint, the Burns and Class Members entered binding contracts with SeaWorld for admission into its amusement park Sesame Place Philadelphia.

43. Pursuant to the terms of the Burns' and Class Members' contractual agreement with SeaWorld, for the price of admission, Plaintiffs were entitled to enjoy all entertainment provided by SeaWorld, including but not limited to "Meet and Greets" with Sesame Street themed costume character performers, including but not limited to characters such as "Elmo," (Defendant John Doe

1), "Ernie," (Defendant John Doe 2), "Telly Monster," (Defendant John Doe 3), & "Abby Cadabby," (Defendant John Doe 4) .

44. SeaWorld breached its contracts with the Burns and Class Members when, solely due to their race or color, and by and through its agents and/or employs, it publicly and discriminatorily denied Plaintiffs the opportunity to enjoy the experience of meeting and greeting the Sesame Street costume character performers as promised.

45. As a direct and proximate result of SeaWorld's breach of their contractual agreements with the Burns and Class Members, Plaintiffs and Class Members have suffered and continue to suffer monetary and consequential damages.

### THIRD CAUSE OF ACTION

### (Negligence Under the Pennsylvania Common law)

46. Upon information and belief, but not limited to the fact that John Does 1-4 intentionally, wantonly, and publicly discriminated against the Burns and Class Members based on their race or color, SeaWorld had actual knowledge that John Does 1-4 held personal beliefs of racial bias towards Black people and that John Does 1-4 had the propensity to discriminate against Black people based on their race or color.

47. SeaWorld knew, or should have known, that John Does 1-4 would be likely be in close contact with members of the public.

48. SeaWorld knew that the Burns and Class Members were members of the public who would foreseeably encounter John Does 1-4, and as such, SeaWorld owed a duty of care to the Burns and Class Member to use reasonable care in selecting, training, supervising, and retaining John Does 1-4 as its employees.

49. Because of John Does 1-4's personal beliefs of racial bias towards Black people, the likelihood of the risk of John Does 1-4 unlawfully discriminating against the Burns and Class Members based on their race or color was foreseeable.

50. SeaWorld had a duty and responsibility of care to use reasonable care to select employees who were competent and fit to perform the duties of an amusement park costume character performer.

51. A reasonable and prudent employer would have discovered John Does 1-4's unfitness to be hired, and not hired them.

52. SeaWorld breached its and responsibility of care when it hired Doe Defendants 1-4 when it knew or should have known about Doe Defendant 1-4's propensity to engage in race discrimination.

53. SeaWorld also had a duty and responsibility of care to use reasonable care to train its employees to ensure that they were fit to perform the duties of an amusement park costume character performer.

54. A reasonable and prudent employer would have learned of John Does 1-4's unfitness to start working, and trained them.

55. SeaWorld breached its and responsibility of care when it failed to train Doe Defendants 1-4 to suppress or otherwise eliminate their propensities to engage in race discrimination.

56. SeaWorld also had a duty and responsibility of care to use reasonable care in supervising and retaining its employees to ensure they were fit to perform the duties of an amusement park costume character performer.

57. A reasonable and prudent employers would have learned of John Does 1-4's unfitness to continue working, and either fired or otherwise removed them from a position that gave them the opportunity to discriminate.

58. SeaWorld breached its and responsibility of care when it allowed Doe Defendants 1-4 to racially discriminate against the Burns and the Class and/or failed to learn about and take any remedial measures to put a stop to Doe Defendants 1-4's racial discrimination.

59. John Does 1-4's racially discriminatory conduct towards The Burns and Class Members would have been prevented if SeaWorld had used reasonable care in hiring, training, supervising, and/or retaining John Does 1-4.

60. As a result of SeaWorld's negligence in hiring, retaining, training, and supervising John Does 1-4 in the position of costume character performer, the Burns and Class Members were injured and suffered damages as alleged *supra*.

61. SeaWorld failed to reasonably train and/or educated John Does 1-4 on the enumerated rights of the Burns, Class Members, and all Black citizens, to be free from racial discrimination in contract pursuant to 42 U.S.C. § 1981.

62. SeaWorld knew or should have known that John Does 1-4 were not competent or fit for the duties of a costume character performer.

63. Despite this knowledge, SeaWorld failed to reasonably supervise and/or monitor John Does 1-4 during their employment as costume character performers to ensure that they were fit to properly performed the duties of a costume character performer without discriminating against Blacks based on their race or color.

**PRAYER FOR RELIEF**

64. The Burns and Class Members are entitled to legal and equitable relief against all Defendants, including compensatory damages, consequential damages, punitive damages, specific performance, injunctive relief, attorneys' fees, costs of suit, and other relief as appropriate.

**RELIEF REQUESTED**

65. The Burns, on behalf of themselves and all others similarly situated, request the Court to enter judgment against Defendants, and accordingly request the following:

(a) An order certifying the proposed Class designating Plaintiffs K.B. and Quinton Burns as named representatives of the Class, and designating the undersigned as Class Counsel;

(b) A declaration that Defendants are financially responsible for notifying all Class Members about their discriminatory conduct towards their Black patrons and offer an unconditional apology to the Class Members and to Black America.

(c) A declaration that Plaintiffs, and all Black citizens, have a federally protected right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of SeaWorld's amusement park Sesame Place Philadelphia,

(d) An order enjoining SeaWorld and its agents and/or employees from engaging in the racially discriminatory conduct alleged herein and any other racially discriminatory conduct,

(e) A further order requiring SeaWorld to implement rigorous mandatory cultural sensitivity training for its agents and/or employees so that they can

        better recognize, understand, and deliver an inclusive, and equitable experience to all members of the public irrespective of their race.

(f)     A further order requiring SeaWorld to implement mandatory educational courses for its agents and/or employees on the history of discrimination against Black people in America provided by a mutually agreed nationally acclaimed expert in the field of African and Black History and Culture.

(g)     A further order requiring SeaWorld to implement state of the art psychological screening methods for vetting their potential agents and/or employees to avoid hiring racially bigoted employees and agents, and to evaluate by appropriate psychological testing and behavioral history whether its existing agents and/or employees are racially bigoted who therefore should not be retained,

(h)     An award to the Burns and Class Members of compensatory, actual, punitive, and statutory damages, including interest, in excess of $25,000,000.00.

(i)     An award of attorneys' fees and costs as allowed by law;

(j)     An award of pre-judgment and post-judgment interest as provided by law;

(k)     Leave to amend the Complaint to conform to the evidence produced at trial; and

(l)     Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

66. Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

**MURPHY, FALCON & MURPHY**

*PHV to be filed*
William H. Murphy, Jr. (07985)
Andrew K. O'Connell (28168)
Malcolm P. Ruff (21595)
Ronald E. Richardson (04673)
1 South Street, Suite 3000
Baltimore, Maryland 21202
Telephone: (410) 539-6500
Facsimile: (410) 539-6599
billy.murphy@murphyfalcon.com
andrew.oconnell@murphyfalcon.com
malcolm.ruff@murphyFalcon.com
ronald.richardson@murphyfalcon.com

**THE TRIAL LAW FIRM, LLC**

Mart Harris (319504)
Fort Pitt Commons
445 Fort Pitt Boulevard, Suite 220
Pittsburgh, Pennsylvania 15219
Telephone: (412) 588-0030
Facsimile: (412) 265-6505
mh@tlawf.com

**DUNCAN LEGAL GROUP**

/s/ *Jason Duncan*
Jason Duncan (87946)
2001 N. Front Street
Harrisburg, PA 17102
Telephone: (717) 232-1886
Facsimile: (717) 232-4189
jaybdunc@gmail.com

*Attorneys for Plaintiffs*