IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| QUINTON BURNS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-02941 |

### PLAINTIFFS' MOTION TO COMPEL JAMES LEGETTE'S COMPLIANCE WITH DISCOVERY

Plaintiffs, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 37 and 45(d)(2)(B)(i), hereby move this Honorable Court for an Order compelling James LeGette to produce documents responsive to the subpoena served upon him on November 12, 2022. Counsel for Plaintiffs has discussed the outstanding discovery on several occasions with Mr. LeGette, and the responsive documents have not been received to date. The undersigned, therefore, certifies that, after reasonable efforts, Mr. LeGette and Plaintiffs' counsel are unable to resolve the present discovery dispute.

I. **STATEMENT OF FACTS**

James LeGette was identified as a former employee of Sesame Place Philadelphia who worked in the Entertainment Department.

Pursuant to a Subpoena Notice to Take Videotaped Deposition Duces Tecum, Mr. LeGette appeared for deposition on December 14, 2022. Said Subpoena required Mr. LeGette to produce before or at the time of his deposition (1) any and all social media post and/or videos that were posted by you or commented on by you that in any way relate to Sesame Place Philadelphia; (2)

any correspondence between yourself and Sesame Place Philadelphia including but not limited to emails, letters, notes, text messages, etc.; and (3) any and all documents including but not limited to training manuals, agreements, contracts, employee handbooks(s), any and all human resources documents, including but not limited to policies and procedures, that were provided to you by Sesame Place Philadelphia. *See*, **Exhibit 1**.

At deposition, Mr. LeGette testified he was employed in the Sesame Place Philadelphia Entertainment Department, sometimes as a supervisor, from July 2012 to January 2022. His job responsibilities included working as a costumed character performer in Park parades. *See,* Deposition of James LeGette, dated 12/14/22, attached hereto as **Exhibit 2**, pp. 32-34, 122.

With respect to the production of documents responsive to the first category of document requests set forth in the Subpoena, Mr. LeGette stated he still has all his social media posts relating to Sesame Place Philadelphia uploaded on his Facebook and Instagram accounts but hadn't brought them to the deposition. He was asked to produce them, and he said he would. *Id.* pp. 14-16. In fact, Mr. LeGette testified that he could produce these social media posts by the end of the week *via* email. Mr. LeGette noted there are "a lot" of social media posts. *Id.*

Concerning the second category of document requests listed in the Subpoena, Mr. LeGette stated he has those as well in the form of emails and would also produce them by the end of the week *via* email. In the deposition, both categories of documents were marked collectively as Exhibits 2 and 3, respectively. The deposition was kept open should there be a need to depose him further based upon the documents produced. *Id.* pp. 14-17.

Mr. LeGette stated he did not have in his possession any documents response to category three listed in the Subpoena. *Id.* pp. 17-18.

On December 22, 2022, counsel for Plaintiffs emailed Mr. LeGette reminding him that his production of documents responsive to the Subpoena was due on December 16, 2022 but no production has been made. That same day, Mr. LeGette replied that he is overwhelmed with work and life and would produce as much as he could during the break (presumably the holiday break). Also, that same day, counsel for Plaintiffs replied to Mr. LeGette informing him to take the time as he needed as long as he kept counsel posted. *See*, Email Chain attached as **Exhibit 3**.

On January 23, 2023, counsel for Plaintiffs emailed Mr. LeGette again seeking an update on the production of documents, informing him of pending discovery deadlines and informing him that a drop box will be provided to him to make the production easier. *Id.* That drop box was email to Mr. LeGette on January 23, 2023. *Id.*

Having received no response from Mr. LeGette, counsel for Plaintiffs emailed Mr. LeGette on February 6, 2023, informing him that it had been almost two months since his deposition and no documents have been produced. Counsel further informed Mr. LeGette that, should no documents be produced by February 14, 2023, a Motion to Compel would have to be filed to compel production of all responsive documents. *Id*.

Mr. LeGette almost immediately replied stating his job responsibilities as a cheerleader for the Super Bowl-bound Philadelphia Eagles is keeping him quite busy but that he would continue looking for emails, etc. *Id.*

Knowing the super bowl would take place on February 12, 2023, counsel for Plaintiffs replied that same day that Plaintiffs would be willing to extend the date for his production until February 21, 2023 so that he could focus on the super bowl. *Id.*

On March 9, 2023, Plaintiffs emailed Mr. LeGette, attaching a draft Motion to Compel, informing him that said Motion will be filed on March 14, 2023 if no production of documents responsive to the subpoena is received by that date. *See,* **Exhibit 4**.

To date, there has been no document production nor has Mr. LeGette communicated with counsel for Plaintiffs in any way.

## II.     LEGAL STANDARD AND ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1). In addition, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Furthermore, "As provided in Rule 45, a non-party may be compelled to produce documents and tangible things.." Fed. R. Civ. P. 34(c). Moreover, "A[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Finally, any person who fails to obey the subpoena or a court order to produce documents may be held in contempt. Fed. R. Civ. P. 45(g).

Mr. LeGette admits to possessing documents responsive to the subpoena. He further admits that he could produce these responsive documents within a week of his deposition. The production of these documents are relevant and necessary to Plaintiffs' claims and defenses in this matter, and Plaintiffs are greatly prejudiced by Mr. LeGette's failure to timely respond to the subpoena in accordance with the Rules of Civil Procedure set forth above.

## III.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court

grant the attached Order compelling Mr. LeGette to produce documents responsive to the Subpoena.

        Respectfully submitted,

        MURPHY, FALCON & MURPHY

        /s/  Ronald E. Richardson
        William H. Murphy, Jr. (07985)
        Andrew K. O'Connell (28168)
        Malcolm P. Ruff (21595)
        Ronald E. Richardson (04673)
        1 South Street, Suite 3000
        Baltimore, Maryland 21202
        Telephone: (410) 539-6500
        Facsimile: (410) 539-6599
        billy.murphy@murphyfalcon.com
        andrew.oconnell@murphyfalcon.com
        malcolm.ruff@murphyfalcon.com
        ronald.richardson@murphyfalcon.com

        **THE TRIAL LAW FIRM, LLC**

        /s/ Mart Harris
        Mart Harris (319504)
        Fort Pitt Commons
        445 Fort Pitt Boulevard, Suite 220
        Pittsburgh, Pennsylvania 15219
        Telephone: (412) 588-0030
        Facsimile: (412) 265-6505
        mh@tlawf.com

        **DUNCAN LEGAL GROUP**

        /s/ Jason Duncan
        Jason Duncan (87946)
        2001 N. Front Street
        Harrisburg, PA 17102
        Telephone: (717) 232-1886
        Facsimile: (717) 232-4189
        jaybdunc@gmail.com

        *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA DIVISION

|  |  |
|---|---|
| QUINTON BURNS, et al.<br><br>    Plaintiffs,<br><br>            **vs.**<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., et al.,<br><br>    Defendants. | Case No. 2:22-cv-02941 |

<u>CERTIFICATION OF COUNSEL</u>

With respect to the production of documents responsive to the first category of documents set forth in the Subpoena, Mr. LeGette testified in his deposition that he still has all his social media posts relating to Sesame Place Philadelphia uploaded on his Facebook and Instagram accounts but hadn't brought them to the deposition. He was asked to produce them, and he said he would. *See,* **Exhibit 2**, pp. 14-16. In fact, Mr. LeGette testified that he could produce these social media posts by the end of the week *via* email. Mr. LeGette noted there are "a lot" of social media posts. *Id.*

Concerning the second category of documents listed in the Subpoena, Mr. LeGette stated he has those as well in the form of emails and would also produce them by the end of the week *via* email. In the deposition, both categories of documents were marked collectively as Exhibits 2 and 3, respectively. The deposition was kept open should there be a need to depose him further based upon the documents produced. *Id.* pp. 14-17.

On December 22, 2022, counsel for Plaintiffs emailed Mr. LeGette reminding him that his production of documents responsive to the Subpoena was due on December 16, 2022 but no

production has been made. That same day, Mr. LeGette replied that he is overwhelmed with work and life and would produce as much as he could during the break (presumably the holiday break). Also, that same day, counsel for Plaintiffs replied to Mr. LeGette informing him to take the time as he needed as long as he kept counsel posted. *See*, Email Chain attached as **Exhibit 3**.

On January 23, 2023, counsel for Plaintiffs emailed Mr. LeGette again seeking an update on the production of documents; informing him of pending discovery deadlines; and informing him that a drop box will be provided to him to make the production easier. *Id.* That drop box was email to Mr. LeGette on January 23, 2023. *Id.*

Having received no response from Mr. LeGette, counsel for Plaintiffs emailed Mr. LeGette on February 6, 2023, informing him that it had been almost two months since his deposition and no documents have been produced. Counsel further informed Mr. LeGette that, should no documents be produced by February 14, 2023, a Motion to Compel would have to be filed to compel production of all responsive documents. *Id*.

Mr. LeGette almost immediately replied stating his job responsibilities as a cheerleader for the Super Bowl-bound Philadelphia Eagles is keeping him quite busy but that he would continue looking for emails, etc. *Id.*

Knowing the super bowl would take place on February 12, 2023, counsel for Plaintiffs replied that same day that Plaintiffs would be willing to extend the date for his production until February 21, 2023 so that he could focus on the super bowl. *Id.*

On March 9, 2023, Plaintiffs emailed Mr. LeGette, attaching a draft Motion to Compel, informing him that said Motion will be filed on March 14, 2023 if no production of documents responsive to the subpoena is received by that date. *See,* **Exhibit 4**.

2

To date, there has been no document production nor has Mr. LeGette communicated with counsel for Plaintiffs in any way.

I hereby certify that, after reasonable efforts, Plaintiffs have been unsuccessful in obtaining documents responsive to the subpoena in Mr. LeGette's possession.

/s/ *Ronald E. Richardson*
Ronald E. Richardson

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Motion to Compel was served using the CM/ECF system, which will send notification of such filing to counsel and parties of record electronically on this 16th day of March, 2023 and a copy was served via first class mail, postage prepaid, to:

James LeGette
243 Birch Drive
Levittown, PA  19054

                                                /s/ *Ronald E. Richardson*
                                                Ronald E. Richardson