**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **QUINTON BURNS,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| v. | |
| **SEAWORLD PARKS & ENTERTAINMENT, INC.**, et al | **NO.  2:22-cv-2941** |
| **Defendants.** | |

**O R D E R**

**AND NOW**, this 8th day of September, 2023, after issuing notice to the parties pursuant to Federal Rule of Civil Procedure 53 of the Court's intent to appoint a Special Master to determine certain discovery matters,

IT IS **ORDERED** that **AMY KURLAND, ESQUIRE** is **APPOINTED** as **SPECIAL MASTER** in this case.  It is **FURTHER ORDERED** that:

1) The Clerk of Court shall docket the attached Affidavit of Special Master in accordance with Federal Rule of Civil Procedure 53(b)(3)(A) and 28 U.S.C. § 455.

2) Pursuant to Federal Rule of Civil Procedure 53, Amy Kurland, Chair, Rohn Kurland, P.C., is appointed as Special Master to determine certain discovery matters.

3) The Special Master also shall have all authority under Federal Rule of Civil Procedure 53(c), subject to the parties' rights to object to the Special Master's decisions pursuant to Federal Rule of Civil Procedure 53(f).

4) Consistent with Federal Rule of Civil Procedure 53(c), the Special Master has authority to take all appropriate measures to perform fairly and efficiently the assigned duties, including imposing upon a party any non-contempt sanction provided by Rule 37 or 45, and may

recommend a contempt sanction against a party.

5) The Special Master shall proceed with all reasonable diligence at the earliest possible time, consistent with her other professional obligations, and shall have exclusive authority to decide on the procedures to be used in discharging her responsibilities, so as to allow for the most expeditious resolution of the issues.

6) The Special Master shall, until the conclusion of this matter, maintain files consisting of: (a) all billing records; (b) all documents received from the parties; and (c) any written orders, findings, or recommendations.  The Special Master shall email any orders, reports, or recommendations she issues to the parties and any such order, report, or recommendation shall also be filed with the Court via Electronic Case Filing (ECF).

7) The Special Master shall not communicate *ex parte* with counsel or the parties, except for logistical or scheduling purposes. The Special Master may communicate *ex parte* with the Court on such matters that the Special Master or the Court deems appropriate.

8) The Special Master may have access to confidential information in this action.  The Special Master and those persons assisting her shall preserve and protect the confidentiality of all such information and shall confirm in a signed writing that they will do so.

9) The standard of review by the Court of the Special Master's orders shall be for abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(5).

10) Objections to an order, report, or recommendation of the Special Master shall be filed no later than five (5) days from the date the order, report, or recommendation is filed. The responses thereto shall be filed no later than five (5) days after being served with the objections.  The objections and responses are limited to five (5) pages each, and the

parties must serve, file, and docket with the Court any relevant portion of the record made before the Special Master that pertains specifically to the objections.

11) The Special Master's compensation shall be her standard hourly rate and the standard hourly rate of any member of her staff also working on the matter at her direction, as those standard hourly rates are customarily established from time to time by her law firm. The Special Master is permitted to have the following attorneys assist her: Jim Rohn, her partner; and Mark Cedrone and Alec Johnson, of the law firm Saxton & Stump.

12) The Special Master shall send monthly statements for her total services and expenses directly to counsel for the parties or send such statements for periods longer than one month as the Special Master deems warranted.  In response, the Special Master shall receive payments directly from counsel for the parties within 30 days for their respective payments.   The Special Master's fees and expenses shall be shared by the parties equally.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
**WENDY BEETLESTONE, J.**

**<u>CERTIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, in connection with the case of *BURNS v. SEAWORLD PARKS & ENTERTAINMENT, INC., ET AL,* No.: 2:22-cv-02941-WB, in the Eastern District of Pennsylvania, I, AMY KURLAND, ESQUIRE, declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

After conducting an appropriate conflict check, I attest that I am not aware of any grounds for disqualification under 28 U.S.C. § 455.

<u>*/s/ Amy Kurland*</u>
Amy L. Kurland, Esquire