**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUINTON BURNS,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **SEAWORLD PARKS &** | : | NO. 22-cv-02941 |
| **ENTERTAINMENT, INC.; and** | : | |
| **SEAWORLD PARKS &** | : | |
| **ENTERTAINMENT LLC,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' OBJECTIONS TO OCTOBER 3, 2023 REPORT AND
RECOMMENDATION OF SPECIAL MASTER AMY L. KURLAND, ESQ.**

i

The Report and Recommendation of Special Master Amy L. Kurland, Esq., ECF 79 (Oct. 3, 2023) ("R&R") applied an erroneous view of the law of discoverability and relevance under Federal Rule of Civil Procedure 26 and incorrectly applied that law to the facts of this case in recommending that this Court compel Defendants to produce documents and 30(b)(6) witnesses on multiple topics that are not discoverable when the appropriate standard—which requires both relevance to an actual claim and proportionality—is applied.

I.      **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 53(f)(3)-(4), the standard of review for objections to findings of fact and conclusions of law recommended by a special master is *de novo*. Fed. R. Civ. P. 53(f)(3)-(4); *see also In re Lincoln Nat'l COI Litig.*, 2019 WL 3940912, at *2 (E.D. Pa. Aug. 21, 2019) ("Given the nature of the discovery disputes here, the Court reviews *de novo* the Special Master's findings to which there are objections.").

II.     **CERTAIN OF THE RECOMMENDATIONS IN THE R&R ARE INCORRECT**

   A.   **The R&R Rests on An Erroneous View of the Law of Relevance and Discoverability**

The R&R improperly applied Rule 26 because it applied a superseded and overly broad relevance standard and failed to evaluate the proportionality of the discovery at issue. While the "Standard of Review" section of the R&R correctly quotes from the current version of Rule 26(b)(1), in the next sentence, the R&R cites an outdated standard for relevance based on a superseded version of Rule 26: "Relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" R&R at 3 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The R&R applied the *Oppenheimer* standard for relevance and recommended that Plaintiffs be allowed certain discovery because it "could conceivably lead to the discovery of

1

relevant evidence . . . ″ R&R at 12.  And, while quoting Rule 26(b)(1) and its requirement that discovery be "proportional to the needs of the case," the R&R does not contain a proportionality analysis for any of the discovery requests held to be relevant.

The citation of *Oppenheimer* for the relevancy standard is an erroneous view of relevance, which changed with the 2015 amendments to Rule 26.  *Oppenheimer* "discussed the scope of discovery under the 1970 amendments to Rule 26(b)(1)." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 817 (W.D. Pa. 2016).  The 1970 version of Rule 26 stated that parties may obtain discovery regarding any matter "which is relevant to the subject matter involved in the pending action." *Id.*  It was that part of the rule that the *Oppenheimer* Court opined meant that "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is discoverable. *Oppenheimer*, 437 U.S. at 351-52.  As amended in 2015, Rule 26 "no longer provides that a court, based upon good cause, may order discovery 'of any matter relevant to the subject matter involved in the action.'" *Cole's Wexford Hotel*, 209 F. Supp. 3d at 822 (quoting Fed. R. Civ. P. 26(b)(1)).  Because the 2015 amendments deleted "subject matter involved in the pending action" from Rule 26, "it would be inappropriate to continue to cite to *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Id.* at 823; *see also Quarles v. Zero Mass Water, Inc.*, 2021 WL 5761729, at *1 (E.D. Mich. May 5, 2021) ("Under the current version of Rule 26(b)(1), a requesting party's reliance on the broad scope of discovery described in *Oppenheimer* . . . is misplaced." (citation omitted)). Defendants therefore object to the R&R's reliance on *Oppenheimer*'s articulation of relevance in resolving this discovery dispute. *Cf. Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view

2

of the law or on a clearly erroneous assessment of the evidence.").[1] The Court should sustain Defendants' objections and find that Rule 26(b)(1)'s current statement of discoverability—which requires as a baseline that discovery be relevant to an actual claim or defense in the case—applies here. *See Cole's Wexford Hotel*, 209 F. Supp. 3d at 812-13, 823 (rejecting Special Master's report and recommendation because it improperly applied *Oppenheimer*'s articulation of relevance).

The current version of Rule 26 also requires that courts engage in a proportionality analysis. *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (Rule 26 "require[s] that all discovery be proportional in nature"). The proportionality analysis is mandatory if a court finds that discovery is relevant. "Under amended Rule 26(b)(1), a court does not fulfill its duty when it compels discovery based on relevance alone" because "[i]t is now the power—and *duty*—of the district courts . . . to limit discovery that exceeds its proportional and proper bounds." *Weidman v. Ford Motor Co.*, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021) (emphasis in original). The R&R also erred by failing to apply any proportionality analysis for discovery requests that the R&R found to be relevant. Therefore, Defendants object to the R&R's failure to engage in a proportionality analysis as required by Rule 26.

**B.  Defendants Object to the Recommendations Regarding (1) RFPs 5, 7, 10, 13, 14, 15, 16, 17, 22, 47, 49; and (2) RFPs 43 and 44**

Defendants object to the recommendations regarding RFPs that allegedly relate to putative class member claims: RFPs 5, 7, 10, 13, 14, 15, 16, 17, 22, 47, and 49. It is undisputed that these RFPs do not relate to any named Plaintiffs' claims. ECF 79-3 at 2. The R&R admits that these RFPs are "not obviously relevant," but nonetheless recommends granting Plaintiffs' requests

---

[1] Thus, even if the abuse of discretion standard applied, the Court should still sustain Defendants' objections, because it is an abuse of discretion to base a ruling on an erroneous view of the law, which the R&R did by applying *Oppenheimer*'s articulation of relevance.

3

because "it is possible" the documents "could shed light on allegations of discriminatory behavior encompassed by Plaintiffs' proposed class definition." R&R at 6. Whether these RFPs could be relevant to the subject matter of the case or could lead to the discovery of admissible evidence is not the correct standard for relevance. *See Cole's Wexford Hotel, Inc.*, 209 F. Supp. 3d at 823. Discovery must be relevant to an actual claim and additionally be proportional to the needs of the case. Further, Plaintiffs' proposed class definition does not encompass the material sought by these RFPs. To fall within the class definition a person must have "suffered disparate treatment from SeaWorld [employees] . . . ***ignoring minority children while openly interacting with similarly situated white children***." ECF 25 at ¶ 109 (emphasis added). An individual who complains, for instance, that their child was told by a Sesame Place employee that the child was not tall enough to ride a ride or was told not to use a cell phone was not being *ignored*. These RFPs cover interactions that are the opposite of being ignored—they cover affirmative interactions that potential class members disagree with, and are therefore not covered by the class definition.

Defendants also object to the recommendation that they be compelled to produce documents responsive to RFPs 43 and 44, which seek documents relating to policies on employee use of social media. There are no allegations about discriminatory social media posts made by any Sesame Place employee. The existence of any such discriminatory posts is entirely hypothetical and not supported by any discovery and, therefore, any policies related to social media are not relevant (let alone both relevant and proportional, as required).

**C.     Defendants Object to the Recommendations Regarding (1) LLC Topic 6/Inc. Topic 3; (2) LLC Topic 21/Inc. Topic 17 and LLC Topic 8; (3) LLC Topic 23/Inc. Topic 19; and (4) Inc. Topic 20**

Defendants also object to the recommendation that they be compelled to produce a witness on certain Rule 30(b)(6) deposition topics. First, LLC Topic 6 and Inc. Topic 3 seek irrelevant information related to the creation, editing, and use of training materials "addressing or omitting

4

to address discrimination and/or guest interaction presented to Sesame Place Philadelphia employees." R&R at 9. Defendants object to the finding that this information is relevant to the claims remaining in the case. The Court dismissed Plaintiffs' negligent training and supervision claims, and this information is no longer relevant. ECF 79-3 at 4. Moreover, training materials have already been produced and discussed at length in multiple fact depositions to date. How those materials were *created* or *edited* or what they *omit* has no conceivable relevance to this case.

Next, Defendants object to the finding on LLC Topic 21 and Inc. Topic 17 that it is "conceivable" that the information covered by these requests could "suggest discriminatory bias"; to the finding that LLC Topic 23 and Inc. Topic 19 are relevant because they could "conceivably shed light" on costumed performers' discriminatory intent; and to the finding that Topic 20 "could conceivably lead to the discovery of relevant evidence." R&R at 9-12. The "conceivability" standard applied in the R&R is erroneous and not supported by the current version of Rule 26(b)(1). *See Cole's Wexford Hotel, Inc.*, 209 F. Supp. 3d at 822. Defendants object because the R&R applied the incorrect standard for relevance. As noted by the advisory committee notes to the 2015 amendment to Rule 26, the "reasonably calculated to lead to the discovery of admissible evidence" phrase was removed from the Federal Rules.

Further, Defendants object to the R&R's failure to engage in a proportionality analysis for all of the above topics found to be relevant. Specifically, compelling 30(b)(6) witnesses to testify about LLC Topic 6 and Inc. Topic 3, LLC Topic 23 and Inc. Topic 19, and Inc. Topic 20 is not proportional to the needs of the case because Defendants have already produced numerous fact witnesses who have been examined on these exact topics. *Reid v. Temple Univ. Hosp.*, 2019 WL 952306, *1 (E.D. Pa. Feb. 27, 2019) (holding that 30(b)(6) designee was not required to testify on topics "better directed at fact witnesses who have been or will be deposed").

5

Dated: October 9, 2023                                  Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Leigh M. Skipper*
Leigh M. Skipper (PA #49239)
Aleksander W. Smolij (PA #329521)
30 South 17th Street
Philadelphia, PA 19103
Tel.: (215) 979-1157
Fax: (215) 689-4939
lmskipper@duanemorris.com
awsmolij@duanemorris.com

Michelle C. Pardo (*admitted pro hac vice*)
John M. Simpson (*admitted pro hac vice*)
Rebecca E. Bazan (*admitted pro hac vice*)
901 New York Avenue NW, Suite 700 East
Washington, DC 20001
Tel.: (202) 776-7844
Fax: (202) 478-2563
mcpardo@duanemorris.com
jmsimpson@duanemorris.com
rebazan@duanemorris.com

*Attorneys for SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC*

## **CERTIFICATE OF SERVICE**

      I, Leigh M. Skipper, certify that a true and correct copy of the foregoing Defendants' Objections to October 3, 2023 Report and Recommendation of Special Master Amy L. Kurland, Esq. was served using the CM/ECF system, which will send notification of such filing to counsel and parties of record electronically on October 9, 2023.


                                                                           */s/ Leigh M. Skipper*
                                                                          Leigh M. Skipper