IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTON BURNS, *et al.*,<br>    Plaintiff,<br><br>    v.<br><br>SEAWORLD PARKS &<br>ENTERTAINMENT, INC. AND<br>SEAWORLD PARKS &<br>ENTERTAINMENT LLC,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO.  22-2941 |

## MEMORANDUM OPINION

Plaintiffs Lauren Willie, L.W., Quinton Burns, K.B., Ingrid Morales, and N.M. sued Defendants SeaWorld Parks & Entertainment, Inc., and SeaWorld Parks & Entertainment LLC (collectively, "SeaWorld") for violations of 42 U.S.C. § 1981, as well as claims for negligence *per se* premised thereon, arising out of incidents of alleged racial discrimination at Sesame Place Philadelphia ("Sesame Place"), a theme park that Defendants operate.

At the close of evidence of the jury trial in this matter, the parties cross-motioned—pursuant to Federal Rule of Civil Procedure 50(a)—for Judgment as a Matter of Law.  The Court granted Defendants' Motion as it concerned Plaintiffs Lauren Willie and L.W.'s claims regarding the time it took for them to be served food at the park as compared to white people who ordered after them.  It denied the Motions in all other respects.  After deliberations, the jury found for the Defendants.  Plaintiffs now renew their Motions for Judgment as a Matter of Law, pursuant to Federal Rule of Civil Procedure 50(b), and seek a new trial on the Willies' food claim pursuant to Federal Rule of Civil Procedure 59.

1

I.  **RULE 50(B) MOTION FOR JUDGMENT AS A MATTER OF LAW**

   A. **Legal Standard**

Federal Rule of Civil Procedure 50 permits a party to bring an initial motion for judgment as a matter of law during a jury trial on the grounds that no reasonable jury would have legally sufficient evidence to find for the opposing party on a given issue. Fed. R. Civ. P. 50(a)(1). If denied, the party may renew its motion after trial and include an alternative request for a new trial. Fed. R. Civ. P. 50(b). On a renewed motion the trial court may enter judgment as a matter of law notwithstanding a jury verdict for the opposing party, but "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001) (citation and quotation omitted). This is a "sparingly invoked remedy." *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citation and quotation omitted).

Judgment as a matter of law is proper "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *LePage's, Inc. v. 3M*, 324 F.3d 141, 145-46 (3d Cir. 2003) (citation and quotation omitted). "The court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury," but rather may grant a Rule 50 motion only "if upon review of the record it can be said as a matter of law that the verdict is not supported by legally sufficient evidence." *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 691-92 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). For this reason, "[n]ormally, when the evidence is contradictory, [judgment as a matter of law] is inappropriate." *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 811 (3d

Cir. 1984) (citation omitted).

## B.  Discussion

42 U.S.C. § 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . ." 42 U.S.C. § 1981(a). To succeed on a § 1981 claim, a plaintiff must first "identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006), and then "prove that, but for race, [the plaintiff] would not have suffered the loss of [that] legally protected right," *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

The Court has previously determined that § 1981 "protects the right of Sesame Place guests to the same interactions as would be offered to similarly situated guests of a different race," *Burns*, 2024 WL 1660514, at *9, and, for the sake of the Motions at hand, Defendants do not dispute that Plaintiffs were guests of the park. The sole question in dispute here is whether the Plaintiffs—all racial minorities—were denied on account of their race "the same interactions" offered to similarly situated non-minority guests.

The answer to the question is found through the burden-shifting framework for proving intentional discrimination via indirect evidence set forth in *McDonnell Douglas Corporation v. Green*, 522 U.S. 792 (1983). That framework requires each Plaintiff to first establish a *prima facie* case of racial discrimination, after which the burden of production shifts to SeaWorld "to articulate a legitimate nondiscriminatory reason for" the complained-of actions. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410-12 (3d Cir. 1999). Should SeaWorld carry that burden, the onus then returns to each Plaintiff to put on evidence from which "a factfinder reasonably [can] infer that *each* of [SeaWorld's] proffered non-discriminatory reasons . . . was either a *post*

3

*hoc* fabrication or otherwise did not actually motivate the" act in question. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Crucially, however, each Plaintiff retains the ultimate burden to persuade the jury that intentional racial discrimination occurred; disbelief of SeaWorld's proffered explanations allows, but does not compel, the jury to decide for Plaintiffs. *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1066-67 (3d Cir. 1996) (en banc).

Each Plaintiff argues that judgment as a matter of law should be granted in their favor because, while they presented evidence establishing *prima facie* cases of racial discrimination, SeaWorld failed to produce evidence to suggest any legitimate, non-discriminatory reasons for the complained-of actions. It failed to do so, Plaintiffs contend, because it did not offer any direct evidence about the state of mind of the employees who were in the character suits when the alleged discrimination happened.

More specifically, in the cases of Quinton Burns, K.B., Ingrid Morales, and N.M.—who allege that costumed characters intentionally denied them interactions during parades at the park on the basis of race—Plaintiffs contend that, by failing to elicit testimony from the actors who played the costumed characters on the days in question, SeaWorld "failed to introduce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the lack of interaction between child and costumed character. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (explaining that "the court must award judgment to the plaintiff as a matter of law under Federal Rule of Civil Procedure 50(a)(1)" when a defendant fails to meet its burden of production at the second step of the *McDonnell Douglas* framework and no reasonable jury could find that plaintiff has not made out its *prima facie* case). And in the case of Lauren Willie and L.W., the same proposition is stated; because SeaWorld did not offer any direct evidence about the state of mind of the character handler who allegedly denied these Plaintiffs a

4

meet-and-greet on the basis of their race, SeaWorld has not met its burden.

As an initial matter, Plaintiffs' arguments are insufficient in that they are not supported by any caselaw in contravention of Local Rule of Civil Procedure 7.1(c). E.D. Pa. R. Civ. P. 7.1(c) ("Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions *and authorities* relied upon in support of the motion.") (emphasis added). "Courts in this District have consistently held the failure to cite any applicable law is sufficient to deny a motion as without merit because zeal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court." *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp.2d 506, 511 n.8 (E.D. Pa. 2007) (citations and quotations omitted); *see also Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion . . . will be deemed waived." (citation omitted)). Without reason to depart from it, then, the standard rule prevails: a defendant "satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the act in question. *Fuentes* 32 F.3d at 763 (citing *Hicks*, 509 U.S. at 508-510). This burden is "relatively light," and what type of evidence a defendant offers to meet it is its prerogative. *Id.*

SeaWorld offered evidence sufficient to meet this burden at trial. In support of its argument that the costumed characters could not see the children—and therefore could not have discriminated against them based on their race—SeaWorld presented physical evidence in the form of character heads worn by the costumed characters which heads each juror was permitted to try on (in the case of Big Bird—the jurors went on a field trip to Sesame Place during which each of them got into the Big Bird costume such that they could see what an actor playing the

5

character could see; and, in the case of other characters, were permitted to take with them into the jury room the heads of those characters' costumes).  SeaWorld also elicited testimony from Sesame Place employees, including P.J. Schweizer and Regan Keely, regarding the obstructed lines of sight and fields of vision caused by the costumed character heads, as well as the choreography, blocking, and safety procedures by which costumed characters must abide during parades.

SeaWorld likewise met its burden with regard to the claims brought by Lauren Willie and L.W., who allege that they were denied a costumed character meet-and-greet by a non-costumed 'walk host' on the basis of race.  Although SeaWorld did not offer testimony from the specific walk host Plaintiffs accuse of discriminating against them, it did offer testimony from other employees that suggested non-discriminatory explanations for cutting off a meet-and-greet, including policies and procedures imposing time limits for meet-and-greets designed to ensure the health and safety of the costumed character.

At the second step of the *McDonnell Douglas* framework, SeaWorld's burden of production is a "light" one; they must simply offer evidence which, "taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the failure of the actors wearing the character's costume to interact with the Plaintiffs.  *Fuentes*, 32 F.3d at 763.  Although SeaWorld met this burden with circumstantial evidence, as the jury was instructed at trial "[t]he law makes no distinction in the weight to be given to either direct or circumstantial evidence." "[V]iewing the evidence in the light most favorable to [SeaWorld] and giving it the advantage of every fair and reasonable inference," the record contains sufficient evidence from which a jury could reasonably find that SeaWorld did not violate § 1981 by discriminating against Plaintiffs on the basis of race.  *LePage's, Inc. v. 3M*, 324 F.3d 141, 145-46 (3d Cir. 2003).  Accordingly,

Plaintiffs' Rule 50(b) Motion will be denied.

## II.   RULE 59 MOTION FOR A NEW TRIAL

Plaintiffs Lauren Willie and L.W. also move for a new trial on their claim related to slow food service at Rosita's Cocina, a restaurant in the park. At trial, Lauren Willie testified that she and her family—an admittedly "large" party of eleven guests—were made to wait around thirty minutes to receive their "several orders" of food, while white guests who "had similar orders" got their food before her family did. After the close of evidence, SeaWorld moved on the record for judgment as a matter of law on this claim, which the Court granted pursuant to Rule 50(a).

"The decision to grant or deny a new trial is confided almost entirely to the discretion of the district court," *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992), but such requests are disfavored, *see, e.g., Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). District courts have recognized that (1) a prejudicial error of law; (2) a verdict against the weight of the evidence; or, (3) an excessively high verdict may be ground for a new trial. *Maylie v. Nat'l R.R. Passenger Corp.*, 791 F. Supp. 477, 480 (E.D. Pa. Apr. 15, 1992), *aff'd*, 983 F.2d 1051 (3d Cir. 1992). "The Court's inquiry in evaluating a motion for a new trial on the basis of trial error is twofold. It must first determine whether an error was made in the course of trial, and then it must determine 'whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice.'" *Price v. Trans Union, LLC*, 839 F. Supp.2d 785, 792 (E.D. Pa. 2012) (quoting *Farra v. Stanley-Bostitch, Inc.*, 838 F. Supp. 1021, 1026 (E.D. Pa. 1993)).

Although Plaintiffs cite to the Rule 59 standard in their brief (and caselaw explaining it), they offer essentially no substantive legal argument to explain why that standard is met in this case. Their argument consists solely of the following four sentences:

1. "Plaintiffs request relief on the food claim decision in the form of a new trial under Rule 59."

2. "At trial, Lauren Willie also described her family being forced to experience extended wait times for food that was being served to white families who had been behind the Willies in line."

3. "Defendants also have no trial record of a material dispute in the Willies' case of discrimination in the food line."

4. "No cafeteria employees from that day were brought to trial to offer a legitimate, non-discriminatory reason for the conduct."

Plaintiffs do not couch their argument in the language of Rule 59 or the many cases in this Circuit that have carefully analyzed that Rule. Nor do Plaintiffs cite any caselaw whatsoever in the body of their argument. Instead, Plaintiffs submit four disjointed sentences and ask the Court to fill in the blanks. This is reason enough to deny their Motion as improperly presented. *See* E.D. Pa. R. Civ. P. 7.1(c) ("Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing *a concise statement of the legal contentions and authorities* relied upon in support of the motion.") (emphasis added); *see also Reynolds*, 128 F.3d at 178 ("[A]n argument consisting of no more than a conclusory assertion . . . will be deemed waived." (citation omitted)).

An appropriate order follows.

<strong>BY THE COURT:</strong>

    <u>/s/WENDY BEETLESTONE    </u>
**WENDY BEETLESTONE, J.**