IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN FLEMING, individually and as Next Friend of O.F. (a minor) | : : : | Case No.: 2:22-CV-02941 |
| v. | : : | |
| SEAWORLD PARKS & ENTERTAINMENT, INC. d/b/a SESAME PLACE PHILADELPHIA; and SEAWORLD PARKS & ENTERTAINMENT LLC d/b/a SESAME PLACE PHILADELPHIA | : : : : : : | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS'
JOINT MOTION TO SEAL**

Plaintiff O.F., a Minor, by and through her Father and Natural Guardian, Nathan Fleming, by and through her attorneys, Burns White, LLC, Plaintiff Nathan Fleming, and Defendants SeaWorld Parks & Entertainment, Inc., and SeaWorld Parks & Entertainment LLC (collectively "Petitioners"), hereby move this Court for an Order authorizing Petitioner to file her Petition to Approve Minor's Compromise under seal.

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

Minor-Plaintiff, O.F., is a minor citizen of the United States. Plaintiff Nathan Fleming is the father and natural guardian of O.F. Plaintiff Nathan Fleming, individually and on behalf of O.F., seeks to enter into a settlement agreement with Defendants SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC (collectively "Defendants") in the above-captioned matter, which was filed on July 27, 2022.

As this matter involves a minor party, any settlement entered into on O.F.'s behalf must be approved by this Court. Plaintiffs O.F. and Nathan Fleming seek leave to file the Petition to Approve Minor's Compromise (the "Petition") under seal to protect the privacy interests of Minor-

Plaintiff O.F. Defendants also seek sealing of the Petition to prevent harm to their ability to litigate and settle future cases.

## II.      LEGAL STANDARD

A party seeking to seal material must show "good cause," meaning, "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)); *see also* Fed. R. Civ. P. 26(c)(1) (stating the "good cause" requirement).

The common law presumes that the public has a right of access to judicial materials. *In re Avandia*, 924 F.3d at 672. "[T]he common law right of access[,]" however, "is 'not absolute.'" *Id.* (quoting *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). The presumption of access may be rebutted where the moving party shows "that the interest in secrecy outweighs the presumption." *Id.* (quoting *Bank of Am.*, 800 F.2d at 344 (internal quotations omitted)). Thus, the moving party must demonstrate "that the material is the kind of information that courts will protect and that" "the party seeking closure" will be seriously injured by the disclosure. *Id.* (quoting *Miller*, 16 F.3d at 551).

## III.    LEGAL ARGUMENT

Petitioners seek sealing of the forthcoming Petition to protect clearly defined and serious injuries to their respective interests. Here, Plaintiffs O.F. and Nathan Fleming seek to file the Petition under seal as it contains sensitive information related to a settlement involving a minor.

Federal courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal. *See, e.g.*, *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1136 (10th Cir. 2011) (sealing exhibits

because "[n]early every document in the volume at issue includes the name of, and/or personal and private medical information relating to, [Plaintiff's] minor son"); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990) (holding that minor's privacy rights justified closing all proceedings and sealing all records).

Federal courts have also recognized that settlement agreements involving minors is the type of "sensitive information" which overcomes the presumption of public disclosure. *See, e.g., Huff v. Thousandshores, Inc.*, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (sealing settlement of minor to "prevent third parties from targeting the child or soliciting the child when the child is old enough to control the funds."); *Mears v. Atl. Se. Airlines, Inc.*, 2014 WL 5018907, at *4 (E.D.N.C. Oct. 7, 2014) (sealing settlement documents for minor litigants because the "compelling governmental and privacy interests justify maintaining the confidentiality of the minor Plaintiffs' medical and financial information contained in the settlement agreement"). These courts have recognized that "public disclosure of the settlement amount could expose the minor to scam artists, financial predators, and other fraudsters. Moreover, the information already in the public record… could provide an entry point for such criminals to make inroads" with the minor when they come of age. *M.G.M. by and through Mabe v. Keurig Green Mountain, Inc.*, 2022 WL 6170557, at *3 (M.D.N.C. Oct. 7, 2022); *see also Huff*, 2022 WL 547109, at *3.

Here, O.F. is a minor party in this action who will receive a sum of money that she is too young to control. As a minor, O.F.'s interest in the privacy of her financial information and protection from financial exploitation represent compelling reasons to protect her information from public disclosure. The financial information of a minor has repeatedly been found to be "kind of information that courts will protect," and the risk that O.F. will be financially exploited should information regarding her settlement become public outweighs the public interest in access to

information. Accordingly, to protect O.F.'s interest in the privacy of her financial information and secure her interests, Plaintiffs O.F. and Nathan Fleming respectfully request that this Court allow the filing of the Petition under seal.

Defendants also seek to file the Petition under seal because disclosure of the terms of the Petitioners' settlement would work a clearly defined and serious injury on Defendants. *In re Avandia*, 924 F.3d at 672. Both Defendants and Petitioners have agreed that the terms of settlement are "confidential." Additionally, Disclosure of the terms of the Petitioners' settlement would hamper Defendants' ability to litigate or negotiate the resolution of future actions similar to this one. Courts in this District have held that this potential harm justifies sealing settlement agreements between a minor plaintiff and a defendant. *See, e.g.*, *Williams v. Amazon.com, Inc.*, 2023 WL 377885, at *1 n.5 (E.D. Pa. Jan. 24, 2023) (sealing settlement agreement between defendants and a minor because of the clearly defined and serious injury to defendants' "ability to litigate and/or negotiate the resolution of future actions" (citation omitted)); *A.F. v. Leisure Time Prods., LLC*, 2024 WL 493421, at *1 n.1 (E.D. Feb. 7, 2024) (same). Therefore, Defendants request that the Court allow the filing of the Petition under seal to protect against harm to their interests in litigating or negotiating the resolution of future actions.

## IV.    CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court seal O.F.'s Petition to Approve Minor's Compromise.

| **BURNS WHITE LLC** | **DUANE MORRIS LLP** |
|---|---|
| */s/ Richard S. Margulies*<br>Richard S. Margulies, Esquire<br>1835 Market Street, Suite 2700<br>Philadelphia, PA  19103<br>215-587-1600<br>*Attorney for Petitioner*<br>*O.F., a Minor, by and through her Father and Natural Guardian, Nathan Fleming* | */s/ Leigh M. Skipper*<br>Leigh M. Skipper (PA #49239)<br>Aleksander W. Smolij (PA #329521)<br>30 South 17th Street<br>Philadelphia, PA 19103<br>Tel.: (215) 979-1157<br>Fax: (215) 689-4939<br>lmskipper@duanemorris.com<br>awsmolij@duanemorris.com<br><br>Michelle C. Pardo (*admitted pro hac vice*)<br>John M. Simpson (*admitted pro hac vice*)<br>Rebecca E. Bazan (*admitted pro hac vice*)<br>901 New York Avenue NW, Suite 700 East<br>Washington, DC 20001<br>Tel.: (202) 776-7844<br>Fax: (202) 478-2563<br>mcpardo@duanemorris.com<br>jmsimpson@duanemorris.com<br>rebazan@duanemorris.com<br><br>*Attorneys for SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC* |

Date: