**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2958

_____

QUINTON BURNS, Individually and as next friend of K.B. (a minor), and on behalf of a
class of similarly situated individuals; NATHAN FLEMING, Individually and as next
friend of O.F. (a minor), and on behalf of a class of similarly situated individuals;
LASHONDA MILES, Individually and as next friend of M.C. (a minor), and on behalf of
a class of similarly situated individuals; INGRID MORALES, Individually and as next
friend of N.M. (a minor), and on behalf of a class of similarly situated individuals;
YOSELIS ROMERO, Individually and as next friend of E.C. (a minor), and on behalf of
a class of similarly situated individuals; KATIE VALDEZ, Individually and as next
friend of M.L. (a minor), and on behalf of a class of similarly situated individuals;
ASHLEY VALETTE, Individually and as next friend of D.V. (a minor), and on behalf of
a class of similarly situated individuals; LAUREN WILLIE, Individually and as next
friend of L.W. (a minor), and on behalf of a class of similarly situated individuals

v.

SEAWORLD PARKS & ENTERTAINMENT, INC., d/b/a Sesame Place Philadelphia;
SEAWORLD PARKS & ENTERTAINMENT LLC, d/b/a Sesame Place Philadelphia;
JOHN DOES 1, 2, 3, AND 4

SEAWORLD PARKS & ENTERTAINMENT, INC.; SEAWORLD PARKS &
ENTERTAINMENT LLC,
                                                            Appellants

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-02941)
Chief District Judge: Honorable Wendy Beetlestone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 12, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: March 6, 2026)

_____

OPINION[*]

_____

McKEE, *Circuit Judge.*

SeaWorld Parks & Entertainment, Inc. and SeaWorld Parks & Entertainment LLC

(collectively, "SeaWorld") appeal from the District Court's order denying its motion for

sanctions pursuant to 28 U.S.C. § 1927, Rule 83.6.1 of the Local Rules of Civil

Procedure for the United States District Court for the Eastern District of Pennsylvania,

and the Court's inherent authority.  For the reasons that follow, we will affirm.

**I.** [1]

We review the District Court's denial of sanctions for an abuse of discretion.[2]  The

decision to impose sanctions is one "generally entrusted to the discretion of the district

court."[3]  Indeed, "the district court must exercise discretion and sound judgment in

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 28 U.S.C. § 1291.

[2] *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013).

[3] *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007).  Each basis under which SeaWorld brought its motion for sanctions affords the District Court broad discretion to sanction (or not to sanction) attorneys.  *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (emphasis added)); E.D. Pa. R. Civ. P. 83.6.1(c) ("Any attorney who fails to comply with [Rules 83.6.1(a)–(b)] *may* be disciplined as the court shall deem just." (emphasis added)); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 505 (3d Cir. 1991) (discussing

2

dealing with the myriad methods with which lawyers may abuse the judicial process."[4]

Thus, on review, "[w]e do not seek to determine whether we would have applied the

sanction ourselves in the first instance."[5]  Rather, we ask "only whether [the District

Court's] determinations are contrary to reason or without a reasonable basis in law and

fact."[6]

## II.

On this record it is clear to us that the District Court did not abuse its discretion in

denying sanctions against Plaintiffs' counsel, even without an explanation.

SeaWorld argues that because the District Court did not provide an explanation for

the denial of its request for sanctions, remand is appropriate.  However, SeaWorld does

not cite to any legal authority that requires a district court to explain its reason for every

denial of sanctions.  The vast majority of SeaWorld's cited authorities involve the

imposition of sanctions or attorneys' fees, not the denial of them.[7]  Those authorities that

---

federal courts' "inherent power [and discretion] to award attorney's fees against counsel personally when the court has found that the attorney acted in bad faith").

[4] *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 568 (3d Cir. 1985).

[5] *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995).

[6] *In re Tutu Wells Contamination Litig.*, 120 F.3d 368, 387 (3d Cir. 1997) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

[7] *See, e.g.*, *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 192 (3d Cir. 2000) (remanding with instructions to explain the reasonableness of the award of attorneys' fees); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177–78 (3rd Cir. 2001) (remanding with instructions to "articulate the basis for a fee award" imposed pursuant to the "prevailing plaintiff" entitlement under the Fair Labor Standards Act); *In re Miller*, 730 F.3d at 203 (finding that the district court properly vacated sanctions imposed by the bankruptcy court for failure to meet procedural prerequisites under Bankruptcy Rule 9011, but remanding with instruction to remand to the bankruptcy court to consider "other means by which the Bankruptcy Court could properly impose sanctions").

SeaWorld does cite involving a denial of sanctions are readily distinguishable.[8] They do not require remand for an explanation for the denial of SeaWorld's request for sanctions.

Nor do we see a reason to impose such a requirement here. The District Court was in the best position to assess whether counsel's conduct was so vexatious as to warrant sanctions. The Court considered SeaWorld's request and weighed it against counsel's conduct—conduct the Court was well aware of. The Court then exercised its discretion and decided against imposing sanctions. Nothing on this record causes us to believe that the Court abused its discretion in making that determination.

### III.

Since we discern no abuse of discretion, we will affirm the District Court's denial of sanctions.

---

[8] SeaWorld relies on cases discussing Rule 11 sanctions. However, we have clearly held that an explanation for a denial of Rule 11 sanctions is not required. *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 (3d Cir. 2016) ("Rule 11(c)(6) requires only that a district court explain the basis of its order when the court imposes a sanction, not when it denies sanctions." (citing Fed. R. Civ. P. 11(c)(6))). Accordingly, even if we were to consider the cases SeaWorld cites involving a denial of Rule 11 sanctions, we would find those cases readily distinguishable. *See, e.g.*, *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 154, 156–158 (3d Cir. 1986) (remanding where the district court denied request without explanation for fees pursuant to the "prevailing party" entitlement under the Copyright Act, and ordering the district court to consider Rule 11 fees "because of the substantial overlap [in the factors] pertinent to Rule 11 and the Copyright Act"); *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 617 (3d Cir. 1991) (remanding with instructions to reconsider denial of Rule 11 sanctions "consistent with the recent jurisprudence governing Rule 11"); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 752 (3d Cir. 1993) (remanding with instructions to determine whether Rule 11 sanctions were appropriate where the district court denied sanctions solely on the improper basis of "the extent to which [defendant] would or would not be prejudiced").